**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Stalk, Appellant.

Appellate Case No. 2014-000166

Appeal From Lancaster County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2016-UP-341
Submitted June 1, 2016 – Filed June 29, 2016

**AFFIRMED**

Raia Jane Hirsch and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

**PER CURIAM:** David Stalk appeals his murder, attempted armed robbery, and possession of a firearm during the commission of a violent crime convictions asserting the trial court erred in failing to suppress his confession because (1) the statement was made following a promise of leniency and (2) threats or promises were made to his family. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in denying his motion to suppress his inculpatory statement because it was elicited as a result of an implied promise to reward him in the form of a granted bond and by threats from law enforcement in the form of repeated recitations of the amount of time he faced on an unrelated charge: *State v. Simmons*, 384 S.C. 145, 162, 682 S.E.2d 19, 28 (Ct. App. 2009) (holding, in determining the voluntariness of a statement, the trial court must examine the totality of circumstances surrounding the statement and decide whether the State has carried its burden of proving the statement was given voluntarily); *State v. Miller*, 375 S.C. 370, 387, 652 S.E.2d 444, 453 (Ct. App. 2007) (finding, in a hearing to determine the voluntariness of a statement, the trial court has the opportunity to "listen to the testimony, assess the demeanor and credibility of all witnesses, and weigh the evidence accordingly"); *State v. McClure*, 312 S.C. 369, 371-72, 440 S.E.2d 404, 405-06 (Ct. App. 1994) (noting, when considering the voluntariness of a confession, the question of credibility is to be resolved by the trial court); *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("The trial court's factual conclusions as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *id.* ("When reviewing a trial court's ruling concerning voluntariness, [the appellate court] does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence."); *id.* ("A statement induced by a promise of leniency is involuntary *only if so connected with the inducement as to be a consequence of the promise*." (emphasis added)); *State v. Arrowood*, 375 S.C. 359, 368-69, 652 S.E.2d 438, 443 (Ct. App. 2007) (holding an officers' offer to attest to the defendant's cooperation did not constitute a promise of leniency; the defendant made his statements in the mere hope of leniency based upon his cooperation rather than as the consequence of promises made to him); 23 C.J.S. *Criminal Law* § 1247 (2016) ("[A] confession is not involuntary just because a promise may have been made to the defendant. . . . In order for the confession to be held involuntary, a causal connection must be shown between the alleged promise and the defendant's decision to confess."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved

for appellate review, it must have been raised to and ruled upon by the trial [court].").

2.      As to whether the trial court erred in denying his motion to suppress his inculpatory statement because threats or promises were made to a family member: *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *McClure*, 312 S.C. at 371, 440 S.E.2d at 405 (finding a police threat *to the defendant* to arrest family members *unless the defendant cooperated* could render a defendant's confession involuntary if it in fact occurred).

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.